80 F.3d 558
 317 U.S.App.D.C. 82
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
UNITED STATES SERVICE INDUSTRIES, INC., Respondent.
 No. 94-1677.
 United States Court of Appeals, District of Columbia Circuit.
 March 12, 1996.
 
 Before: WALD, WILLIAMS and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case came to be heard upon the National Labor Relations Board's application for enforcement of its order, and was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 We affirm the Board's finding that the United States Services Industries (USSI) violated Section 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1) (1994), by discharging Clemencia Pacheco because it believed that she was engaging in protected concerted activities. See Monarch Water Systems, 271 NLRB 558, 558 (1984) (company violated § 8(a)(1) by discharging employees based on erroneous belief that they were engaging in protected concerted activity). In view of the ALJ's determination that John Mannix's testimony was credible, we find that the Board's decision was supported by substantial evidence. See Conair Corp. v. NLRB, 721 F.2d 1355, 1368 (D.C.Cir.1983), cert. denied, 467 U.S. 1241 (1984) (court upholds the ALJ's credibility determinations unless they are "hopelessly incredible" or "self-contradictory"). Lastly, we find no evidence in the record to justify reversing the Board's finding that USSI failed to meet its burden under Wright Line of demonstrating that it would have discharged Pacheco even absent its belief that she had engaged in protected concerted activity. See Wright Line, 251 NLRB 1083 (1980), enforced, 662 F.2d 899 (1st Cir.1981), cert. denied, 455 U.S. 989 (1982).
 
 
 3
 It is therefore ORDERED and ADJUDGED that the Board's order be enforced.
 
 
 4
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.